Gretchen **GETTER**, Plaintiff,

v.

**WAL–MART STORES, INC.**, Defendant.

No. 92–2005–KHV.

United States District Court,
D. Kansas.

July 6, 1993.

**1238**

Michael E. Callen, Callen, Sexton & Shelor, Richard D. Fry, William H. Pickett, William H. Pickett, P.C., Christopher R. Williams, Walker & Williams, Kansas City, MO, for plaintiff.

Karen J. Halbrook, John R. Cleary, Husch & Eppenberger, Kansas City, MO, for defendant.

## MEMORANDUM AND ORDER

VRATIL, District Judge.

Plaintiff brought this diversity action alleging personal injuries due to a slip and fall at defendant's store in Atchison, Kansas. A jury trial from February 2 to February 4, 1993, resulted in a verdict for defendant. Plaintiff seeks a new trial, asserting that the court erred in (1) admitting the opinion testimony of Emma Jean Bramble and Cynthia Gee; (2) submitting Jury Instruction No. 11; (3) allowing defendant's counsel to inquire into whether plaintiff had taken measures to prevent pregnancy; (4) not striking juror John Agin for cause; and (5) excluding plaintiff's expert witness Keith Vidal. Plaintiff also contends that the jury's verdict is against the weight of the evidence, and that the cumulative effect of the foregoing errors resulted in unfair prejudice to plaintiff.

■ Motions for new trial are committed to the sound discretion of the trial court. *McDonough Power Equipment, Inc. v. Greenwood,* 464 U.S. 548, 556, 104 S.Ct. 845, 850, 78 L.Ed.2d 663 (1984); *Brownlow v. Aman,* 740 F.2d 1476, 1491 (10th Cir.1984). Moreover, the court should "exercise judgment in preference to the automatic reversal for 'error' and ignore errors that do not affect the essential fairness of the trial." *McDonough,* 464 U.S. at 553, 104 S.Ct. at 848.

■ Plaintiff contends that opinion testimony of Emma Jean Bramble and Cynthia Gee was not helpful to the jury and was unfairly prejudicial to plaintiff. Ms. Bramble and Ms. Gee testified to the safe condition of the vestibule floor, based on personal observation on the day in question. This testimony was rationally based on their perceptions and helpful to the jury's determination of the condition of the floor, a fact issue in the case. Such testimony was therefore admissible under Fed.Rule Evid. 701.

■ On the other hand, the court found that the testimony of plaintiff's expert witness Keith Vidal would not assist the jury's understanding of the evidence or determination of the fact issues. Mr. Vidal, a forensic engineer, proposed to testify to the co-efficient of friction, the effect of temperature on moisture, proper mat placement, and human reaction to particular signage, as these various factors related to the degree of safety of the wet floor on the day in question. The court found that the normal life experiences and qualifications of the jury would permit it to draw its own conclusions concerning the safety of the floor, based upon the lay testimony of eyewitnesses. Expert testimony "cannot invade the field of common knowledge, experience and education of [the jury]." *United States v. Brown,* 540 F.2d 1048, 1054 (10th Cir.1976). The court hereby affirms its ruling that the proposed testimony of Mr. Vidal was not necessary or appropriate under Fed.Rule Evid. 702. *See Rossman v. K Mart Corp.,* 701 F.Supp. 1127, 1129 (M.D.Pa. 1988).

■ Plaintiff also argues that the court erred in refusing to strike prospective juror John Agin for cause. During voir dire Mr. Agin disclosed that his wife was an employee of defendant and that he and his wife owned

stock in defendant Wal–Mart Stores, Inc. Plaintiff moved to strike Mr. Agin for cause. The court thoroughly questioned Mr. Agin whether he could be a fair and impartial juror in the case, and the court was more than satisfied—by virtue of his demeanor, his responses, and the emphatic, clear tone of his statements—that Mr. Agin could and would serve as an unbiased juror. The determination of a challenge for cause is within the sound discretion of the trial court. *Hopkins v. County of Laramie,* 730 F.2d 603, 605 (10th Cir.1984). The court does not believe that it abused its discretion in refusing to strike Mr. Agin for cause.

The remaining arguments raised by plaintiff were addressed by the court in its prior written rulings or at trial. The court finds nothing that would warrant a new trial. The court believes that its rulings were not erroneous and that it did not prejudice plaintiff's substantial rights at trial. The court also finds that the jury's verdict was supported by overwhelming evidence. As a result, even if the trial court erred in the foregoing respects, such error did not materially prejudice plaintiff's right to a fair trial and plaintiff's motion should therefore be denied.

**IT IS THEREFORE ORDERED** that *Plaintiff's Motion for New Trial* (Doc. # 93) should be and hereby is overruled.